**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TAMIEKA LASHAWN LOCKLEY,<br><br>**Plaintiff**<br><br>v.<br><br>ORLANDO COTTO-DAVILA, *et al.*<br><br>**Defendants** | **CIVIL NO.** 23-1562 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

On November 9, 2023, Plaintiff Tamieka Lashawn Lockley ("Plaintiff") filed a pro se *Complaint for Violation of Civil Rights* pursuant to 42 U.S.C § 1983. (the "*Complaint*"). (Docket No. 1). From what the Court can decipher, in essence Plaintiff alleges that SSAOIG (Social Security Administration Office of the Inspector General) inspectors conspired to install a tracking device on her vehicle and in turn provided her location information to municipal officers who proceeded to surveil, approach, detain, and even arrest her at different moments. Id. at 4, 33-47. Plaintiff lists several issues that allegedly occurred during her resulting court proceedings, attorney-client meetings and detention. Id. Plaintiff identifies 54 defendants, including federal employees, police officers, judges, attorneys, and private businesses, etc.) and claims that they engaged in, or assisted

Civil No. 23-1562                                                                Page 2

with, a wide range of illegal activity including unlawful arrest, false imprisonment, kidnapping, violations of equal protection and due process clauses, warrantless surveillance, and unlawful militia activities, among others. Id.  In response, several co-defendants filed motions to dismiss. (Docket No. 50, 75, 85, 106, 107, 118).

On May 16, 2024, the case was transferred to the undersigned. (Docket No. 116). The Court proceeded to appoint Plaintiff with **five (5)** different pro-bono counsel, four (4) of whom have withdrawn, and one failed to appear. (Docket Nos. 120, 124, 129, 136, 141).

On February 4, 2025, the Court issued the following order:

> On or before March 6, 2025, Plaintiff shall file a memorandum showing cause as to why the Complaint should not be dismissed for failure to state a claim upon which relief can be granted. Plaintiff shall also incorporate her arguments in response to the pending motions to dismiss at Docket Nos. 50, 75, 85, 106, 107, and 118.

(Docket No. 152). **Plaintiff failed to comply with this order**.

28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to dismiss a claim in forma pauperis on the grounds of it being either: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "**lacks an arguable basis either in law or in fact**, one that contains

Civil No. 23-1562                                                                                           Page 3

either inarguable legal conclusions or fanciful factual allegations." <u>Street v. Fair</u>, 918 F.2d 269, 272-73 (1st Cir. 1990) (citations omitted) (emphasis added). Also, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

Additionally, District Court judges, in an exercise of the inherent authority to regulate their dockets, may rely upon Fed. R. Civ. P. 41(b) when considering whether to involuntarily dismiss a case *sua sponte*. See <u>García-Perez v. Hosp. Metropolitano</u>, 597 F.3d 6, 7 (1st Cir. 2010); <u>Malot v. Dorado Beach Cottages Assocs.</u>, 478 F.3d 40, 43 (1st Cir. 2007). The First Circuit has held that "a party's disregard of a court order is a paradigmatic example of extreme misconduct" which may warrant dismissal. <u>Torres-Vargas v. Pereira</u>, 431 F.3d 389, 393 (1st Cir. 2005).

Upon reviewing Plaintiff's allegations, which respectfully merit the label "fanciful" and defy credulity, the Court is compelled to dismiss Plaintiff's *Complaint* for being frivolous and for failing to state a claim for which relief can be granted. Furthermore, the Court has independent grounds to dismiss the current action given Plaintiff's failure to adequately comply with

Civil No. 23-1562   Page 4

the Order at Docket No. 152. Thus, Plaintiff's *Complaint* at Docket No. 1 is hereby **DISMISSED WITH PREJUDICE**. The pending motions at Docket Nos. 50, 75, 85, 102, 106, 107, 118, 153, and 154 are **MOOT**. Judgment shall be entered accordingly.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico this 13th day of March 2025.

                                     S/ RAÚL M. ARIAS-MARXUACH
                                     United States District Judge